# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MEDINA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL EXPRESS LLC,<br><br>    Defendant. | Case No. 1:17-cv-01007-AWI-SAB<br><br>ORDER REQUIRING DEFENDANT TO PROVIDE BRIEFING RE CITIZENSHIP<br><br>(ECF No. 1)<br><br>DEADLINE: SEPTEMBER 27, 2017 |

Plaintiff Melissa Medina filed this action against Defendant National Express LLC in Merced County Superior Court on May 19, 2017. (ECF No. 1-1.) On July 27, 2017, Defendant LLC removed the action to the Eastern District of California on the basis of diversity jurisdiction. (ECF No. 1.)

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

In the notice of removal, Defendant National Express LLC states that it is a corporation incorporated under the laws of the State of Delaware with its principal place of business in

Illinois. (ECF No. 1 at 3.) A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)). This would make Defendant National Express LLC a citizen of Delaware and Illinois.

However, the corporate disclosure statement states that "National Express LLC is a Delaware corporation with its principal place of business in Lisle, Illinois." (ECF No. 1-4 at 1.) The Court finds this statement to be internally inconsistent. A limited liability company, LLC, is not a corporation. A limited liability company is a citizen of every state of which its owners or members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). If Defendant National Express LLC is a limited liability company then it derives its citizenship from its owners or members. Defendant further states in the corporate disclosure statement that "National Express LLC is not publicly traded. It is an affiliate or division of National Express Group PLC, which is publicly traded on the London Stock Exchange as 'NEX'." (ECF No. 1-4 at 1.) Therefore, it appears that Defendant National Express LLC's citizenship may be determined by the citizenship of National Express Group. Defendant has provided no information by which the Court can determine the citizenship of National Express Group.

The Court finds that based on the notice of removal there is ambiguity as to 1) the structure of Defendant National Express LLC; 2) if Defendant National Express LLC is a limited liability company who it is owned by; and 3) the citizenship of the members or owners of Defendant National Express LLC if it is a limited liability company. Therefore, the Court is unable to determine if diversity of citizenship exists in this action.

///
///
///
///
///
///

Based on the foregoing, IT IS HEREBY ORDERED that on or before September 27, 2017, Defendant National Express LLC shall file a brief addressing its corporate structure, and if Defendant National Express LLC is a limited liability company the citizenship of its members/owners.

IT IS SO ORDERED.

Dated: **September 22, 2017**

_____
UNITED STATES MAGISTRATE JUDGE